# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

TED JAMES WINFREY,      )
                                   )
      Petitioner,      )
                                   )
v.                         )      Case No. CIV-24-310-F
                                   )
DAVID LOUTHAN,       )
                                   )
      Respondent.     )

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a pro se Oklahoma prisoner, seeks habeas relief under 28 U.S.C. § 2254 from his enhanced sentence for his state-court conviction. Doc. 1 at 1.[1] He received 160 years' imprisonment on each of two counts, to run consecutively. Doc. 12, Ex. 1, at 1; Ex. 2, at 8. United States District Judge Stephen P. Friot referred the matter to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 6. Respondent has filed a motion to dismiss the petition as untimely. Docs 11, 12. The undersigned recommends the Court grant the motion and dismiss the habeas corpus petition as untimely filed. *See* 28 U.S.C. § 2244(d)(1).

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Apart from adjusted capitalizations and unless otherwise indicated, quotations are verbatim.

## I.    Procedural history.

On January 6, 2003, an Oklahoma County jury convicted Petitioner of one count of assault with a dangerous weapon after former conviction of two or more felonies and one count of kidnapping after former conviction of two or more felonies. *State v. Winfrey,* No. CF-2000-1489; *see* Doc. 12, Exs. 1 & 2.[2] The prior felony convictions used to enhance his sentence were for (1) forgery in the second degree and concealing stolen property (Oklahoma County, No. CF-1992-7622); and (2) escape from a penal institution (Garfield County, CF-1993-101). Doc. 12, Exs. 3-4. The Oklahoma Court of Criminal Appeals affirmed his convictions and sentences in Case No. CF-2000-1489 on March 18, 2004. *Id.* Ex. 6.

On March 29, 2005, Petitioner, appearing pro se, sought post-conviction relief. *Id.* Ex. 7. The state district court found each of Petitioner's claims either procedurally barred or without merit. *Id.* Ex. 8, at 2-4. Petitioner did not appeal or challenge this decision. *See Id.* Ex. 2, at 10-27.

---

[2]    The Court takes judicial notice of the state court docket sheets in Petitioner's state-court cases. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting "discretion to take judicial notice of publicly-filed records in [this] court and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

Petitioner sought resentencing in September 2013. *Id.* Ex. 2, at 18. The state district court construed Petitioner's request as a second application for post-conviction relief and dismissed the application. *Id.* Ex. 9, at 3.

On January 6, 2022, counsel entered an appearance and filed a second application for post-conviction relief seeking to vacate Petitioner's sentence. *Id.* Ex. 2, at 24. On April 7, 2022, counsel sought to file an amended application and later a second amended application. *Id.* Ex. 2, at 24 & Ex. 11, at 4. Counsel filed the second amended application on October 20, 2022. *Id.* Ex. 11.

Post-conviction counsel argued that "recent changes to [ ] Oklahoma Statutes make it clear, as a matter of law, [Petitioner] had not committed three district felonies for purposes of enhancement." *Id.* at 4. Under counsel's theory, the reclassification of many state crimes to misdemeanors included his forgery and concealing of stolen property convictions. *Id.* at 4-5. Post-conviction counsel also suggested his prior escape conviction was also reclassified. *Id.* Finally, he argued that the Oklahoma Legislature had retroactively reclassified these crimes in 2019. *Id.*

The state district court denied the second amended application on June 8, 2023. *Id.* Ex. 12. Reviewing Petitioner's sole claim on the merits, the OCCA concluded it "was or could have been raised in previous applications for

post-conviction relief and is thus barred by res judicata or waived." *Id.* Ex. 19, at 3. So the OCCA affirmed the state district court's order denying post-conviction relief.

Petitioner filed this action on March 21, 2024.[3] Respondent seeks to dismiss the petition as untimely, and Petitioner has replied. Docs. 11, 12, & 15.

## II. Analysis.

### A. Limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).

The AEDPA established a one-year limitation period during which an inmate in state custody can file a federal habeas petition challenging a state conviction: "A [one]-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitations period:

The limitation period shall run from the latest of—

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3]    The Court liberally construes Petitioner's pleadings because he proceeds pro se. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not serve as Petitioner's advocate. *See Hall*, 935 F.2d at 1110.

> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The statute includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2).

To meet the "properly filed" requirement, an inmate must comply with state procedural requirements. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (defining a "properly filed" application as "one filed according to the filing requirements for a motion for state post-conviction relief" and giving examples of such requirements).

A petition filed outside the statute of limitations, accounting for statutory tolling, will be considered timely filed only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only 'in rare and exceptional circumstances.'" (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998))).

Unless a petitioner shows otherwise, the limitations period typically runs from the date the judgment becomes "final" under § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). "[A] judgment becomes final when the defendant has exhausted all direct appeals in state court and the time to petition for a writ of certiorari from the United States Supreme Court has expired . . . ." *Woodward v. Cline*, 693 F.3d 1289, 1292 (10th Cir. 2012). Petitioner's conviction became final on June 17, 2004, ninety days after the OCCA ruled and when his time to petition for a writ of certiorari expired. *See Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir. 2001).

The statutory year begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011); *see also United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" by which "the day of the act . . . from which the

designated period of time begins to run shall not be included"); *see also* Fed. R. Civ. P. 6(a)(1) ("When the period is stated in days or a longer unit of time[,] exclude the day of the event that triggers the period.").

The OCCA affirmed Petitioner's convictions on March 18, 2004. His ninety-day deadline to seek review at the United States Supreme Court expired on June 17, 2004. *See* 28 U.S.C. § 2244(d)(1)(A). Because Petitioner did not seek Supreme Court review, his one-year period to seek a writ of habeas corpus began to run on June 18, 2004, and, absent tolling, would have expired on June 20, 2005.[4] *See Hurst*, 322 F.3d at 1260-61.

**B.     Availability and effect of tolling on the limitations period.**

**1.     Statutory tolling.**

The AEDPA allows for tolling of the limitations period while a properly filed state post-conviction application is pending before the state courts. *See* 28 U.S.C. § 2244(d)(2). Petitioner filed his first post-conviction application on March 29, 2005, after 284 days had passed since his conviction became final. The state district court denied this application on May 26, 2005. Doc. 12, Ex. 8, at 5. Petitioner neither appealed nor filed a petition in error during his thirty

---

[4]     One year after June 18, 2004, was June 18, 2005. Because that date was a Saturday, Petitioner's statutory year would have continued to run until the next Monday, June 20, 2005. *See* Fed. R. Civ. P. 6(a)(1); LCvR6.1.

days to do so, which expired on June 27, 2005. *See Gibson*, 232 F.3d at 807; *see also* Fed. R. Civ. P. 6(a)(1).

So Petitioner's remaining eighty-one days to seek habeas relief began to run on June 28, 2005, and expired on September 19, 2005. *See* Fed. R. Civ. P. 6(a)(1) Petitioner filed no other challenge until he sought resentencing in September 2013. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("[Petitioner's] petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until after . . . the end of the limitations period."). The Court agrees with Respondent that no other triggering date in § 2244(d)(1) applies to toll Petitioner's limitations period. Doc. 12, at 18-26.

To the extent Petitioner believes he is entitled to relief under either § 2244(d)(1)(C) or (D), he is mistaken. *See* Doc. 2, at 5. The change in the law Petitioner asserted in his second application for post-conviction relief was a change to an Oklahoma statute—not a constitutional right the Supreme Court both recognized and made retroactively available to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(C). And subsection 2244(d)(1)(D) applies "to the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* § 2244(d)(1)(D).

8

Notwithstanding Respondent's arguments that this triggering date would be earlier than when HB 1269 took effect, the Court concludes the effective date of the bill's statutory amendments would be the most generous date to apply here. As explained above, Petitioner filed nothing until 2022, well beyond the expiration of the one-year time period. *Supra* § I.

Petitioner's argument that the Court should look to the 2019 passage of HB 1269 for a trigger date also fails. Doc. 1, at 13-14. "Oklahoma state courts, including the OCCA, that have considered the retroactive effect of HB 1269 have concluded that 'those already sentenced before the effect of these measures were to avail themselves of these changes by way of the Pardon and Parole Board, not Oklahoma's Post-Conviction Procedure Act.'" *Cherry v. Whitten*, No. CIV-20-677-PRW, 2023 WL 4542520, at *5 (W.D. Okla. July 14, 2023) (quoting *Brown v. Farris*, 2021 WL 4786411, at *1 (10th Cir. Oct. 14, 2021)). In any case, Petitioner's habeas petition would be untimely even if this Court were to consider the proposed 2019 passage date as the trigger date under § 2244(d)(1)(D). The Court rejects Petitioner's argument that the Oklahoma Legislature's actions resulted in "immediate[] commutat[ation]" of sentences such as Petitioner's. Doc. 15, at 11.

### 2.    Equitable tolling.

Petitioner filed his petition after the expiration of the limitations period. Unless equitable tolling applies to save Petitioner's petition, it is untimely, and the Court must dismiss it.

"[A habeas] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Even assuming diligent pursuit of the petitioner's rights, the one-year period of limitation "is subject to equitable tolling [ ] only in rare and exceptional circumstances." *Gibson*, 232 F.3d at 808 (internal quotation marks omitted). So Petitioner must "demonstrate[ ] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). And Petitioner has the burden of proving that equitable tolling applies. *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). "Simple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808.

Petitioner cannot demonstrate he diligently pursued his claims, and he does not argue he is entitled to equitable tolling beyond restating his

10

misunderstanding of the effect of HB 1269. *See* Doc. 15. Examples warranting equitable tolling are "when a prisoner is actually innocent," or "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson*, 232 F.3d at 808). Petitioner has made no such showing. The Court should thus conclude Petitioner is not entitled to equitable tolling of the limitations period.

### 3.    Actual innocence exception.

Because Petitioner's statute of limitations has expired, Petitioner's only remaining path around the § 2244(d)(1)(A) deadline would be a "credible showing of actual innocence." *Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). And Petitioner "must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327).

Petitioner does not present any new evidence in support of his actual innocence. He has therefore not put forth a viable actual innocence claim.

## III.   Recommendation and notice of right to object.

Petitioner filed his habeas corpus petition past the expiration of the statute of limitations. No tolling, either statutory or equitable, may be applied to save the petition. The undersigned therefore recommends the Court grant Respondent's motion to dismiss the petition as untimely filed.

The undersigned advises Petitioner of his right to file an objection to this report and recommendation with the Clerk of this Court on or before October 30, 2024, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Petitioner that failure to make a timely objection to this report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

12

**ENTERED** this 9th day of October, 2024.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE